UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL JURS, *on behalf of herself and all others similarly situated*,<br><br>                    *Plaintiffs,*<br><br>vs.<br><br>TRANSWORLD SYSTEMS INC.,<br><br>                    *Defendant.* | **Index:**<br><br>**COMPLAINT**<br>  Case No.: 1:17-CV-1030 (DNH/DJS)<br><br>Jury Trial Demanded Hereon |

Carol Jurs, on behalf of herself and all others similarly situated, for her complaint alleges as follows:

## NATURE OF ACTION

1. The instant lawsuit seeks to vindicate the rights of New York consumers who—in violation of the Fair Debt Collection Practices Act and New York law—were sent collection letters that did not include mandatory disclosures informing them that the statute of limitations had lapsed on the purported debts on which collection was being attempted and which did not include statutorily required warnings regarding the danger of inadvertently re-tolling the statute by means of partial payment.

2. Plaintiff brings claims pursuant to the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.  Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

1

5. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

6. Venue is proper in this district per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this district.

7. Venue is also proper in this district because plaintiff lives in this district, defendant conducts business in this district and the injury occurred in this district.

## PARTIES

8. At all relevant times, Plaintiff Carol Jurs has resided in the city and county of Schenectady, New York.

9. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

10. Defendant Transworld Systems Inc. ("Transworld"), was and is a California corporation authorized to do business in New York, with a principal place of business in Horsham, Pennsylvania;

11. Transworld was and is a "debt collector" as that term is defined in the FDCPA;

12. Transworld was and is in the business of collecting defaulted consumer debt from others by use of the mail, telephone, and the courts of New York and other means of interstate commerce; and

13. Transworld conducted and conducts business in this district.

## NAMED PLAINTIFF'S EXPERIENCE

*Facially Deficient Letter from Transworld*

14. By letter dated July 9, 2017 ("the Letter"), Transworld demanded that Plaintiff pay $34,002.41 for a debt she allegedly owed to NCSLT. (A true, complete and accurate

copy of Transworld's Letter to Plaintiff dated July 9, 2017 is attached as "Exhibit 1" hereto).

15. The Letter stated that the basis of the debt was a "defaulted student loan" for which Plaintiff had co-signed.

16. The Letter contained a demand to "[p]lease forward payment."

17. The Letter stated the "Default Date" on the loan occurred on "07/01/11" (i.e., July 1, 2011).

*Relation of State Regulations to the Letter*

18. The rules of the NYS Department of Financial Services at 23 NYCRR § 1.3(b) state:

> If a debt collector knows or has reason to know that the statute of limitations for a debt may be expired, before accepting payment on the debt, the debt collector must provide the consumer with clear and conspicuous notice, in the same medium (such as via telephone or electronic communication) by which the debt collector will accept payment, that:
>
> (1) the debt collector believes that the statute of limitations applicable to the debt may be expired;
>
> (2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.;
>
> (3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired;
>
> (4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgement of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and
>
> (5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

19. 23 NYCRR § 1.3(c) contains safe harbor language a debt collector may use to satisfy the requirements of 23 NYCRR § 1.3(b).

20. The Letter does not meet any of the requirements of 23 NYCRR § 1.3(b) and does not contain any of the safe harbor language set forth at 23 NYCRR § 1.3(c).

21. A debt with a default date of July 1, 2011 would be time-barred by New York's six-year statute of limitations by the date of the Letter, July 9, 2017.

22. Transworld knew or had reason to know that the alleged debt was time-barred as of July 9, 2017.

23. Upon information and belief, Transworld has a practice and pattern of sending debt collection letters to consumers without regard to the applicable statutes of limitation, and without providing the notice required by 23 NYCRR § 1.3(b) and (c).

24. This pattern and practice of misconduct is material, increasing the likelihood that consumers will make payments they would not make were the mandatory disclosures provided, and increasing the likelihood that consumers will inadvertently re-toll the statute of limitations on their purported debts.

25. Plaintiff did not, either before or after receiving the Letter, receive any communication from Transworld containing the required disclosures.

## **CLASS ALLEGATIONS**

26. The plaintiff, Carol Jurs, brings this action on behalf of not only herself, but also on behalf of a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. Rule 23.

27. Plaintiff seeks to represent the following class defined as follows:

    i. Natural persons;

      ii. who were sent debt collection letters by Transworld;

      iii. at a New York address;

      iv. in which the date of default listed on the letter was more than six years prior to the date of the letter; and

      v. in which 23 NYCRR § 1.3(b) and (c) notices were not provided.

28. Excluded from the Class is:

    a. anyone employed by counsel for Plaintiff in this action; and

    b. any Judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

29. The debt collection letter at issue in this case is a boilerplate document whose language does not materially vary from one consumer to the next, and which, upon information and belief, was sent by Defendant, a high volume debt collector, to hundreds if not thousands of consumers.

30. Upon information and belief, the Class include hundreds, if not thousands of members and is sufficiently numerous that joinder of all members is impractical.

31. Although the exact number of Class members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendant's records.

*Existence and Predominance of Common Questions*

32. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members.

33. These common questions include:

    a. whether the letters contained the language required by 23 NYCRR 1.3(b) and (c);

    b. whether the failure of the letters to include this language violated the FDCPA and/or GBL § 349;

    c. whether Plaintiff and the other Class members are entitled to statutory damages, costs and attorney's fees under the FDCPA;

    d. whether Plaintiff and the other Class members are entitled to damages of $50 each, costs and attorney's fees under GBL § 349.

*Typicality*

34. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff is:

    i. A natural person;

    ii. sent a debt collection letter from Transworld;

    iii. at a New York address;

    iv. in which the date of default listed in the letter was more than six years prior to the date of the letter; and

    v. in which 23 NYCRR § 1.3(b) and (c) notices were not provided.

35. Thus, Plaintiff's claims—based on the same deficient boilerplate form as the claims of all other class members—are typical of the claims of the class.

36. Put differently, all of the claims are based on the same factual and legal theories and the Plaintiff, together with each class member, has been subjected the same false, deceptive and unfair communications and acts by Defendants.

*Adequacy*

37. Plaintiff will fairly and adequately represent the interests of the class members. Her interests do not conflict with the interests of the members of the Class she seeks to represent.

38. Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why this Plaintiff and her counsel will not vigorously pursue this matter.

*Superiority*

39. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

40. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.

41. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not.

42. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

43. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

44. In the alternative, the Class may be certified because:

a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## COUNT I
*(Violation of the Fair Debt Collection Practices Act)*

45. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

46. Defendant's attempt to collect the alleged debt by making a written demand for payment of a debt it knew or had reason to know was time-barred without the disclosure required by regulation for demanding money on a time-barred debt, violates 15 U.S.C. §§ 1692e, 1692(2)(A), 1692e(5); 1692e(10), 1692f and 1692f(1).

47. Plaintiff and all others similarly situated have suffered cognizable harm as a result of these violations.

48. As a result of these violations, Plaintiff and the putative class are entitled to statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. §§ 1692k.

## COUNT II
*(New York State General Business Law § 349)*

49. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

50. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in Count 1 was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of New York General Business Law § 349 independent of whether it also constituted a violation of any other law.

51. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

52. Specifically, and without limitation, the following acts are false and deceptive: sending dunning letters demanding payment on debts Transworld knew or should have known to be time-barred without including the disclosure required by 23 NYCRR § 1.3(b) and (c).

53. This false and deceptive conduct impairs the rights of consumers, inducing them to make payments they would not make if fully informed of their rights and/or making it more likely that these consumers unknowingly reset the statute of limitations via partial payments they would not otherwise make.

54. Plaintiff and all others similarly situated have been damaged thereby.

55. As a result of Defendant's violations of § 349, Plaintiff and each other member of the Class are entitled to declaratory judgment; an injunction against the offending conduct, damages of $50 each, costs and attorneys' fees.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A. An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing her attorneys as Class Counsel;

B. A judgment declaring that Defendant has committed the violations of law alleged in this action;

C. Statutory damages pursuant to the FDCPA;

D. $50 per class member pursuant to NYGBL § 349;

E. Injunction of the offending conduct pursuant to NYGBL § 349;

F. An order awarding disbursements, costs, and attorneys' fees pursuant to the FDCPA and NYGBL § 349; and

G. Such other and further relief that may be just and proper.

DATED:      September 18, 2017

*s/ Daniel A. Schlanger*
Daniel A. Schlanger
KAKALEC & SCHLANGER, LLP
85 Broad Street, 16th Floor
New York, NY 10004
T. 212.500.6114/F. 646.692.6114
dschlanger@kakalec-schlanger.com

ANTHONY J. PIETRAFESA, ESQ.
721 University Building
120 East Washington Street
Syracuse NY 13202
T. 518.218.0851/F. 518.514.1241
ajp@ajp1law.com

*Attorneys for Plaintiff*